UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

Nº 10-CV-5536 (JFB) (AKT)
_____

SHARON LEE VINCENT,

Plaintiff,

VERSUS

WAL-MART STORE 3420,

Defendant.
_____

**MEMORANDUM AND ORDER**
September 4, 2012
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff Sharon Lee Vincent ("Vincent" or "plaintiff") brought this action against defendant Wal-Mart Store 3420 ("Wal-Mart" or "defendant") alleging that defendant discriminated against her on the basis of race, gender, national origin, color, and religion in the creation of unequal terms of employment between August 2007 and December 2007, and her termination in February 2008. Plaintiff also alleges that she was retaliated against for objecting to discriminatory practices.[1]

Defendant brought a motion to dismiss plaintiff's federal claims on the ground that plaintiff failed to submit her administrative charge within the requisite 300-day statute of limitations under Title VII. In particular, defendant has submitted the Administration Discrimination charge that was dually filed with the New York State Division of Human Rights ("DHR") and the Equal Employment Opportunity Commission ("EEOC") on January 22, 2009. Because plaintiff's Title VII claims relate to alleged discriminatory treatment between August and December 2007 and an alleged unlawful discharge on February 3 or 4, 2008, defendant contends that the administrative charge was filed over 350 days after the last possible discriminatory act – that is, her discharge. Thus, defendant asserts that, because the Title VII claims accrued more than 300 days prior to her filing of the administrate complaint, the claims are barred by the applicable statute of limitations.

---

[1] In her complaint, plaintiff does not specify the statutes under which her claims arise. However, in the civil cover sheet, plaintiff states that she is alleging employment discrimination pursuant to "Title VII," or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII"). Thus, the Court treats her claims as brought under Title VII.

## I. BACKGROUND

### A. The Complaint

Plaintiff's complaint alleges unequal treatment during the course of her employment at Wal-Mart. She alleges that the discriminatory acts occurred between August 2007 and December 2007. (Compl. at 3.[2]) Plaintiff's complaint also alleges that she was terminated on February 4, 2008. (*Id.* at 5.) According to plaintiff's complaint, she filed her complaint with the DHR in January 2008. Presumably, plaintiff meant January 2009, given that plaintiff's DHR Complaint Form is dated January 22, 2009, and plaintiff acknowledges in her opposition to defendant's motion to dismiss that she made a complaint with DHR in January 2009. (Defs.' Ex. A, DHR Complaint Form, July 11, 2011, ECF No. 15-4; Pl.'s Opp. at 9, Aug. 11, 2011, ECF No. 16.)

### B. The Motion to Dismiss

Defendant moved to dismiss plaintiff's complaint on the ground that her DHR complaint was filed after the requisite 300-day statute of limitations for filing Title VII claims. (Def.'s Mem. of Law at 6, July 11, 2011, ECF No. 15-2.) In plaintiff's opposition to defendant's motion to dismiss, plaintiff contended that she filed, by hand delivery, a complaint with DHR in September 2008. (Pl.'s Opp. at 8.) Plaintiff further asserted that she contacted DHR in October 2008 to inform DHR that she would be out of the country, and plaintiff was told that her complaint had not been entered for processing, did not have a case number, and had not been assigned a case worker. (*Id.* at 8-9.) Plaintiff also claimed that she was told to call DHR when she returned to the United States. (*Id.*) Plaintiff also stated that she

In response to the motion, plaintiff alleged for the first time that the January 2009 complaint was not the first administrative complaint she filed; rather, she asserted that: (1) she had filed the administrative charge with DHR in September 2008; (2) she followed up on that complaint in October 2008, by telephone with DHR, and told DHR that she would be out of the country, and learned that her complaint was not processed, and was told she had one year to file her complaint; (3) she also was told by DHR to call DHR when she returned to the United States; and (4) when she called DHR in January 2009 and was told that she would have to file a new complaint, she did.

The Court determined that an evidentiary hearing was necessary on the issue of the timeliness of plaintiff's administrative charge, as well as any basis for equitable tolling. For the reasons discussed herein, the Court grants defendant's motion to dismiss in its entirety based upon plaintiff's failure to timely exhaust. Specifically, having heard plaintiff's testimony and evaluated her credibility in light of the evidence in the record, the Court finds that (1) plaintiff did not file any administrative charge with DHR until January 22, 2009; (2) she was not told by DHR that she had one year to file her complaint, or misled by DHR or anyone else regarding the timing requirements for her exhaustion of administrative remedies; and (3) there is no basis for equitable tolling in this case. Plaintiff's testimony regarding the purported September 2008 filing of the DHR complaint, and alleged conversations with DHR prior to the January 22, 2009 were simply not credible. Accordingly, plaintiff's Title VII claims are barred by the 300-day statute of limitations, and the defendant's motion to dismiss those claims is granted.

---

[2] Because the pagination in plaintiff's complaint varies, the Court uses the ECF pagination.

2

called DHR in January 2009 and was told that she would have to file a new complaint, which she did. (*Id.* at 9.)

### C. The Evidentiary Hearing

In light of plaintiff's allegation that she filed a DHR complaint in September 2008, the Court held a conference scheduling an evidentiary hearing on February 27, 2012. At that conference, the Court directed plaintiff to submit any documentary evidence regarding the alleged September 2008 DHR complaint two days prior to the hearing date. The Court held an evidentiary hearing on March 19, 2012. Plaintiff did not produce any documentary evidence regarding the alleged September 2008 DHR complaint, or her purported pre-January 22, 2009 interactions with DHR.

At the hearing, plaintiff testified to substantially the same facts set forth in her opposition papers. Plaintiff testified to the following: (1) she hand delivered her complaint with the DHR in September 2008; (2) she spoke with a Serena Chaplin at DHR in October 2008 and informed DHR that she would be going to Guyana until January 2009; (3) Ms. Chaplin told her that it was "okay" and when she returned she should call again; (4) plaintiff left for Guyana in October 2008 to care for her ailing mother and returned in January 2009; (5) upon her return, she called DHR and asked for Ms. Chaplin, but Ms. Chaplin was not available; (6) she told DHR that she had a case pending, but DHR informed her that "nothing was there"; (7) DHR told her that she had two more weeks to submit a complaint, because "it was one year"; and (8) plaintiff filled out the paperwork again, and sent it to DHR via registered mail.

On cross-examination, plaintiff acknowledged that she did not keep a copy of the alleged September 2008 complaint, and she had no documentation regarding the alleged September 2008 complaint. Plaintiff could not recall the name of the person who notarized her alleged September 2008 complaint. Plaintiff acknowledged that the DHR "Determination and Order After Investigation" indicated that her complaint was filed on January 22, 2009. Plaintiff acknowledged that she never appealed the DHR's statement that she filed the complaint on January 22, 2009. Plaintiff also testified that, when she spoke with DHR in October 2008, she was informed that her complaint had not been entered for processing, did not have a case number, and was not assigned to an investigator. Plaintiff testified that DHR informed her that there was a "work overload." Plaintiff acknowledged that she made no attempt to determine whether or not the complaint had actually been filed between October 2008 and January 2009. Plaintiff also testified that she did not retain a copy of her purported October 2008 complaint, and could not identify the name or location of the person whom she asserted had notarized that complaint. Plaintiff also acknowledged that her conversations with DHR regarding a one-year period to file related to state claims, and that no representations were ever made to her regarding the time requirements for federal claims.

As noted above, plaintiff's complaint states "[i]t is my best recollection that I filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding defendant's alleged discriminatory conduct on January 2008." (Compl. at 6.) At the evidentiary hearing, plaintiff acknowledged that she meant to write January 2009.

### D. Findings of Fact Regarding Exhaustion

The Court has evaluated plaintiff's assertions under oath at the hearing that,

3

*inter alia*, she filed a complaint with DHR in September 2008, followed up on that complaint in October 2008 to learn that it had not been processed, and was informed that she had one year to file her complaint during the October 2008 phone call. However, based upon the Court's observations of plaintiff's demeanor and considering her testimony in light of all the evidence, the Court does not find plaintiff's testimony to be credible with respect to any of the material issues on the timeliness of her federal claims. In particular, the Court finds that her uncorroborated testimony regarding a purported filing of the September 2008 administrative complaint, and conversations about that alleged complaint with DHR prior to January 22, 2009, regarding such complaint, to be completely lacking in credibility. This assessment by the Court is made not only based upon her demeanor during the hearing, including her responses to questions on cross-examination, but also by her own statements in the complaint which completely contradict those assertions. For example, in plaintiff's complaint in this case, she wrote in "January 2008" on the standard form as the date she filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding defendant's alleged discriminatory conduct on January 2008." (Compl. at 6.) At the evidentiary hearing, plaintiff acknowledged that she meant to write January 2009. Plaintiff did not provide a credible explanation at the hearing as to why she did not write "September 2008" if that, in fact, was the date of her initial administrative complaint. In short, based upon the evidentiary hearing, the Court finds that plaintiff's only filing of an administrative charge was on January 22, 2009, and she was not misled by DHR or anyone else regarding the timing requirements of her federal claims prior to the January 22, 2009 filing (or at any other time).

### E. Procedural History

Plaintiff filed her complaint on November 24, 2012. Wal-Mart filed its motion to dismiss on July 11, 2011. Plaintiff filed her opposition to defendant's motion on August 11, 2011. Wal-Mart submitted its reply on August 24, 2011. On February 27, 2012, the Court held a conference and informed the parties that given plaintiff's allegation regarding a prior administrative charge, the Court would require an evidentiary hearing on this issue. An evidentiary hearing was held on March 19, 2012. The Court has fully considered the submissions of the parties.

## II. STANDARD OF REVIEW

When a Court reviews a motion to dismiss for failure to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), it must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach

4

for courts deciding a motion to dismiss. 129 S.Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949 (internal citations omitted) (quoting and citing *Twombly*, 550 U.S. at 556–57).

The Court notes that, in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co., Inc*., 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and reversed in part on other grounds sub nom., Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005), *cert. denied*, 546 U.S. 935 (2005); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of N.Y.*, No. 04 Civ. 1859(JG), 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (stating court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

Moreover, where (as in the instant case) there is a factual dispute regarding the timing of the filing of the administrative charge or the grounds for equitable estoppel, an evidentiary hearing may be held. For example, in *Sinha v. New York City Department of Education*, 127 F. App'x 546, 547 (2d Cir. 2005) (summary order), the Second Circuit affirmed the district court's conclusion, after an evidentiary hearing, that the employee was not entitled to equitable tolling of the 300-day time period for filing an administrative claim. *Id.* at 547 n.1 ("The district court properly resolved the credibility dispute between the two witnesses because Sinha's equitable claim, i.e., that the EEOC had misled her regarding the filing limitation period, was wholly unrelated to her legal claim, i.e., that the DOE had terminated her based on her race, ethnicity, or national origin.").[3] Similarly, district courts within the Second Circuit have held that, where there is an issue of fact regarding the receipt of an agency letter which triggers a statutory filing

---

[3] This rule is consistent with a recent decision by the Second Circuit in the analogous context of Section 1983 cases under the Prison Litigation Reform Act in which the Second Circuit held that plaintiff was not entitled to a jury trial on factual disputes regarding his failure to exhaust administrative remedies. *See Messa v. Goord*, 652 F.3d 305, 308-10 (2d Cir. 2011).

5

period, the Court may conduct an evidentiary hearing on that limited issue prior to any trial on the merits. *See, e.g.*, *Marino v. Nat'l R.R. Passenger Corp. (AMTRAK)*, 645 F. Supp. 816, 819 (S.D.N.Y. 1986); *see also Harrison v. N. Shore Univ. Hosp.*, No. 04 Civ. 2033(WDW), 2008 WL 656674, at *7 (E.D.N.Y. Mar. 6, 2008) ("Where the date of receipt of a right to sue letter is disputed, the court may hold an evidentiary hearing on that issue alone");[4] *O'Neal v. Marine Midland Bank*, 848 F. Supp. 413, 423 (W.D.N.Y. 1994) (stating that "this Court, acting as the factfinder, shall weigh the evidence and make a factual determination as to whether plaintiff's complaints were filed in a timely fashion.").

### III. DISCUSSION

Defendant argues that plaintiff's Title VII claims should be dismissed due to plaintiff's failure to timely file her administrative charge, and the lack of any grounds for equitable tolling with respect to plaintiff's Title VII claims. For the reasons set forth below, having conducted an evidentiary hearing to resolve the factual disputes on these issues, the Court agrees with defendant, and plaintiff's Title VII claims must be dismissed.

"To maintain a timely action under 42 U.S.C. § 2000e-5, a plaintiff must comply with three requirements: (1) file a timely charge with the EEOC, (2) receive an EEOC right-to-sue letter, and (3) file an action within 90 days of receipt of that letter." *Collier v. Boymelgreen Developers*, No. 06-CV-5425 (SJ), 2007 U.S. Dist. LEXIS 36181, at *6 (E.D.N.Y. May 17, 2007) (citing *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996)). With respect to the timing of the EEOC charge, it is well-settled that, prior to filing a claim in federal court pursuant to Title VII, a plaintiff must institute proceedings with a state or local agency within 300 days of the alleged discrimination. *See* 29 U.S.C. § 626(d); *see also Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1404 (2d Cir. 1993), *superseded by statute on other grounds as recognized in Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684 (2d Cir. 1998). These statutory filing periods are "analogous to [ ] statute[s] of limitations." *Van Zant*, 80 F.3d at 712, and, as such, "a failure to timely file a charge acts as a bar to a plaintiff's action." *Butts v. N.Y. City Dep't of Hous. Pres. & Dev.,* No. 00 Civ. 6307(KMK), 2007 U.S. Dist. LEXIS 6534, at *20 (S.D.N.Y. Jan. 29, 2007) (citing *Hill v. Citibank Corp.*, 312 F. Supp. 2d 464, 472 (S.D.N.Y. 2004)); *see also McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 213-14 (2d Cir. 2006). The period begins to run for each discrete discriminatory or retaliatory act when each act occurs. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); *Hill*, 312 F. Supp. 2d at 472-73.

In the instant case, as discussed *supra*, the Court finds that plaintiff's administrative complaint to DHR was not filed until January 22, 2009 (which is the date on the document). The last alleged event of discrimination occurred on February 4, 2008. The complaint was not filed within the requisite 300 days of the allegedly

---

[4] The court in *Harrison* cites to the decision issued in *Comrie v. Bronx Lebanon Hosp.*, 133 F.3d 906, No. 97–7484(L), 1998 U.S. App. LEXIS 1224, at *5-*6, 1998 WL 29643 (2d Cir. Jan. 27, 1998), which states that "[w]here, as here, the date of receipt of a right to sue letter is disputed, courts have held evidentiary hearings prior to a trial on the merits." However, the Court recognizes that, as a summary order, *Comrie* has no precedential value, pursuant to Second Circuit Local Rule 32.1.1(a).

unlawful employment practice. Thus, the complaint was not timely filed.[5]

However, the Court recognizes failure to timely file a formal complaint of discrimination is not jurisdictional. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."); *accord Long v. Frank*, 22 F.3d 54, 58 (2d Cir. 1994). Thus, because plaintiff failed to file her formal complaint in a timely manner, this Court must now determine whether there are any grounds for equitable tolling. "Tolling of the time limit is granted when 'rare and exceptional circumstances' prevented a plaintiff from filing on time." *Williams v. Potter*, No. 06 Civ. 8258(LAP), 2007 WL 2375818, at *5 (S.D.N.Y. Aug. 14, 2007) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). When determining whether equitable tolling is applicable, a district court must consider "whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y.C. Trans. Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)); *see also South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994) (noting that the principles of equitable tolling do not extend to what "is at best a garden variety claim of excusable neglect" (citation and quotation marks omitted)). The doctrine is "highly case-specific," and the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 184-85 (2000); *see also Smith v. Chase Manhattan Bank*, No. 97 Civ. 4507(LMM), 1998 WL 642930, at *3 (S.D.N.Y. Sept. 18, 1998) ("[A] court must consider the equities of the excuse offered to explain the delay and may extend the limitations period if warranted.").

Courts have held that only in a limited number of cases do extraordinary circumstances exist. Such cases include where the plaintiff has a mental or physical disability. *See, e.g.*, *Tsai v. Rockefeller Univ.*, 137 F. Supp. 2d 276, 281-83 (S.D.N.Y. 2001); *Lloret v. Lockwood Greene Eng'rs, Inc.*, No. 97 Civ. 5750(SS), 1998 WL 142326, at *2-4 (S.D.N.Y. Mar. 27, 1998). Other such cases involve instances where the plaintiff has been misled by a state agency or the EEOC. *See Sinha*, 127 F. App'x at 547 (reviewing equitable tolling claim on the ground EEOC investigator misled her about the operation of the 300-day filing period); *Lugo-Young v. Courier Network, Inc.*, No. 10-CV-3197(RRM)LB), 2012 WL 847381, at *7 (E.D.N.Y. Mar. 13, 2012) ("It is true that the EEOC's conduct can, in some circumstances, justify equitable tolling." (collecting cases)); *Sowemimo v. Jewish Home & Hosp. for Aged*, No. 95 Civ. 2447 (JSM), 1996 WL 267940, (S.D.N.Y. May 21, 1996) ("A state agency mistakenly telling a complainant that it cannot process or will not accept her complaint is one of the grounds for equitable tolling."). However, in many other situations involving some purported hardship or explanation for the delay, courts have held that extraordinary circumstances did not exist. *See, e.g.*, *Ferrer v. Potter*, No. 03 Civ. 9113(AJP), 2005 WL 1022439, at *8 (S.D.N.Y. May 3, 2005) (holding plaintiff's father's death and psychological problems caused by the death

---

[5] As set forth *supra*, to the extent plaintiff asserts that she filed a complaint in September 2008, the Court does not credit her testimony.

7

insufficient reason for equitable tolling); *Jenkins v. Potter*, 271 F. Supp. 2d 557, 564 (S.D.N.Y. 2003) (holding plaintiff's union representative's "wife's terminal illness" not sufficiently "extraordinary" circumstance to justify equitable tolling); *Chalom v. Perkins*, No. 97 Civ. 9505(LAP), 1998 WL 851610, at *6 (S.D.N.Y. Dec. 9, 1998) ("Even if [plaintiff] did offer proof of the mental grief she alludes to, it would not reach the high standard that this circuit has applied." (citing cases)); *Brundin v. United States*, No. 95 Civ. 2689(WK), 1996 WL 22370, at *5 (S.D.N.Y. Jan. 19, 1996) ("Although the plaintiff does supply an excuse for the delay – the unexpected death of her father – this reason alone does not warrant equitable tolling.").

Thus, with respect to the equitable tolling issue, the Court has evaluated plaintiff's claims that she filed a complaint with DHR in September 2008, followed up on that complaint in October 2008 to learn that it had not been processed, was informed that she had one year to file her complaint during the October 2008 phone call, and the Court does not credit plaintiff's allegations and testimony. Based upon the Court's observations of plaintiff's demeanor and considering her testimony in light of all the evidence, the Court does not deem plaintiff's testimony to be credible with respect to the purported filing in September 2008. Thus, there is no credible evidence of an earlier administrative filing by the plaintiff (prior to January 22, 2009), or that anyone at DHR or anywhere else misled her as to the timing requirements of her administrative charge with respect to any federal discrimination claims.[6]

The Court has, however, considered a potential argument by plaintiff that equitable tolling should apply because she was out of the country caring for a sick relative during the relevant time period. In particular, the Court credits her testimony that she was not in the country for some period of time in late 2008. Nevertheless, the Court does not find that "the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass*, 333 F.3d at 81. Plaintiff has failed to set forth any facts that would demonstrate why she could not file the administrative charge before she left, or even mail it while out of the country. Thus, her foreign travel does not provide a basis in this case for equitable tolling. *See generally Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (no basis for equitable tolling where plaintiff's attorney out of the country when EEOC notice arrived).

In sum, plaintiff's administrative complaint was not timely filed with DHR and there are no grounds for equitable tolling. Accordingly, her Title VII claims must be dismissed.

---

[6] Given this finding, the Court does not need to reach the defendant's alternative argument – namely, that, even if plaintiff was informed that her complaint had not been processed, plaintiff acted "with reasonable diligence during the time period she seeks to have tolled." *Zerilli-Edelglass*, 333 F.3d at 80 (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)).

8

### IV. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is granted with prejudice as to plaintiff's Title VII claims, and the complaint is dismissed in its entirety. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated:  September 4, 2012
        Central Islip, NY

\* \* \*

Plaintiff is proceeding *pro se*. Defendant is represented by Michael Scott Hanan, Fox Rothschild LLP, 75 Eisenhower Parkway, Roseland, NJ 07068.